UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL ANN PARKER,<br><br>   Plaintiff,<br><br>  v.<br><br>KILILO KIJAKAZI, Acting Commissioner of Social Security,<br><br>   Defendant. | No. 2:21-cv-1972-AC<br><br><br><br>ORDER |

  Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34.[1]  For the reasons that follow, the court will DENY plaintiff's motion for summary judgment, and GRANT the Commissioner's cross-motion for summary judgment.

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).  Supplemental Security Income ("SSI") is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

I.  PROCEDURAL BACKGROUND

On January 17, 2018, ALJ Timothy Snelling issued a decision finding plaintiff "not disabled" based on a prior application for benefits, which alleged disability beginning on January 30, 2015.  AR 282-89.  That decision is not at issue in this action.  Following the January 17, 2018 denial, plaintiff submitted new applications for disability insurance benefits (Title II, DIB) and for supplemental security income (Title XVI, SSI) on January 24, 2020, alleging disability beginning on January 18, 2018, the day after the prior denial.  Administrative Record ("AR") 386-88, 393-402.[2]  The Title II application was disapproved initially and on reconsideration.  AR 265, 299-310.  The Title XVI application was approved on May 14, 2020, and is not at issue here.  AR 262.  On January 13, 2021, ALJ Melissa Hammock presided over the hearing on plaintiff's challenge to the disapproval of her Title II benefits.  AR 198-229 (transcript).  Plaintiff appeared with counsel and testified at the hearing.  AR 198-99.  Vocational Expert Suman Srinivasan also testified.  Id.

On February 3, 2021, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 17-29 (decision), 30-34 (exhibit list).  On August 30, 2021, after receiving a Request for Review of Hearing as an additional exhibit, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security.  AR 1-5 (decision).  Plaintiff filed this action on October 23, 2021 challenging the denial of her Title II application.  ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3).  The parties consented to the jurisdiction of the magistrate judge.  ECF No. 9.  The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed.  ECF Nos. 13 (plaintiff's summary judgment motion), 14 (Commissioner's summary judgment motion).

II.  FACTUAL BACKGROUND

Plaintiff was born in 1961, and accordingly was 59 years old on the alleged disability onset date, making her a "person of advanced age" under the regulations.  AR  389; see 20 C.F.R

---

[2]  The AR is electronically filed at ECF No. 10 (AR 1 to AR 1033).

§§ 404.1563(e), 416.963(e) (same). Plaintiff has an eleventh-grade education. AR 423. Plaintiff alleged disability due to chronic lower back pain, chronic neck pain, degenerative disc disease, and right-hand neuropathy pain. AR 422.

### III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.

2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled."  42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI).  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not

4

disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on September 30, 2019.
>
> 2. [Step 1] The claimant did not engage in substantial gainful activity during the period from her alleged onset date of January 18, 2018 through her date last insured of September 30, 2019 (20 CFR 404.1571 et seq.).
>
> 3. [Step 2] Through the date last insured, the claimant had the following severe impairment: degenerative disc disease of the lumbar spine (20 CFR 404.1520(c)).
>
> 4. [Step 3 Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can lift and carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for six hours, and sit for six hours in an eight-hour workday. She can occasionally stoop, kneel, crouch, crawl, and climb ramps, stairs, ladders, ropes, or scaffolds.

6. [Step 4] Through the date last insured, the claimant was capable of performing past relevant work as a sales clerk, food (DOT# 290.477-018, light, performed as medium, SVP 3) and as a cashier, supervisor (DOT# 211.137-010, light, performed as heavy, SVP 7). This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565). The claimant also has past relevant work as a machinist (DOT# 600.280-022, medium, performed as heavy, SVP 7), but the residual functional capacity precludes performance of that job (SSR 00-4p).

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from January 18, 2018, the alleged onset date, through September 30, 2019, the date last insured (20 CFR 404.1520(f)).

AR 22-29.  As noted, the ALJ concluded that plaintiff was "not disabled." AR 29.[3]

## VI.  ANALYSIS

Plaintiff alleges that the ALJ erred by (1) finding that plaintiff's bilateral hand pain was not a severe impairment, and (2) improperly rejecting Dr. Hernandez Duran's medical opinion. ECF No. 13 at 3.

### A. The ALJ did not commit harmful error in holding that plaintiff's bilateral hand pain was not a severe impairment.

Plaintiff argues that the ALJ erred at Step Two when she failed to find plaintiff's bilateral hand pain to be a severe impairment.  ECF No. 13 at 10.  Plaintiff argues that the bilateral hand pain is a "completely new impairment" that constituted a material change in the claimant's circumstances which would rebut the presumption of continuing non-disability under the Chavez rule.  Id. at 14 (discussing Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988)).  She further argues that the ALJ's error was harmful because the ALJ failed to consider the bilateral hand pain when she determined plaintiff's Residual Functional Capacity (RFC).  Id. at 15.

The ALJ found that plaintiff had a single severe impairment: degenerative disc disease of the lumbar spine.  AR 23.  The ALJ noted that plaintiff sought treatment for reduced grip in her

---

[3] To be entitled to Disability Insurance Benefits, a claimant must establish that her disability began on or prior to her insurance expiration date. See 42 U.S.C. § 423(c); 20 C.F.R. § 404.1520; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995).  Because plaintiff's date last insured was September 30, 2019, she needed to establish disability before that date to be eligible for benefits. See Social Security Ruling (SSR) 82-62, available at https://www.ssa.gov/ OP_Home/rulings/di/ 02/SSR82-62-di-02.html.

right hand in January 2019, was diagnosed with radial styloid tenosynovitis in October of that year, and was later found to have mild osteoarthritic changes of the right wrist. Id. She found that these impairments were not severe because they had only appeared eight months before the Date Last Insured (DLI), thus failing to meet the duration requirement, and because there were "too few findings to establish more than minimal ongoing limitations." Id. The ALJ determined that the relevant medical records for the period between January 2018 and September 2019 did not establish a material change in plaintiff's circumstances on the basis that the prior decision "notes complaints of back pain and examination findings of lumbar tenderness, spasms, and radicular symptoms, treated with a combination of physical therapy and oral medications" and shows that "the claimant underwent more frequent treatment, she took more medication, and the objective findings were more intense and persistent during the prior adjudication." Id. at 27.

"The step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. Bowen v. Yuckert, 482 U.S. 137, 153 (1987). At step two of the sequential evaluation, the ALJ determines which of claimant's alleged impairments are "severe" within the meaning of 20 C.F.R. § 404.1520(c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p, 1996 SSR LEXIS 10 (1996)). The step two severity determination is "merely a threshold determination of whether the claimant is able to perform his past work. Thus, a finding that a claimant is severe at step two only raises a prima facie case of a disability." Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007). At the second step, plaintiff has the burden of providing medical evidence of signs, symptoms, and laboratory findings that show that his or her impairments are severe and are expected to last for a continuous period of twelve months. Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005); see also 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii).

7

Here, the ALJ did not dispose of plaintiff's claim as groundless but found that plaintiff met the severity requirements as to degenerative disc disease of the lumbar spine, and therefore continued with her analysis. AR 23. While the ALJ misconstrued the durational requirement, which may be met by conditions that "can be expected to last for a continuous period of not less than 12 months," this error was not harmful. 42 U.S.C. § 423(d)(1)(A). The ALJ did not find the hand impairments to be non-severe solely because they had not met the durational requirement, but also because there were "too few findings to establish more than minimal ongoing limitations." AR 23. Specifically, the ALJ discussed and considered that plaintiff "sought treatment for reduced grip in her right hand in January 2019, and she subsequently reported specific pain and swelling in her right thumb, confirmed via one examination prior to the DLI." AR 23, citing AR 1016, 1023. The ALJ noted plaintiff "was eventually diagnosed with radial styloid tenosynovitis in October that year, as well as mild osteoarthritic changes of the right wrist." AR 23, citing AR 569-70, 815, 884, 1016, 1023. The ALJ adequately supported her conclusion that the records were not sufficient to establish more than minimal limitations prior to the date last insured, thus, there was no error.

Further, regardless of whether the hand impairments were severe or not, they were considered in the RFC determination because the ALJ considered "all of the claimant's impairments, including impairments that are not severe." AR 22 (citing 20 CFR 404.1520(e) and 404.1545; SSR 96-8p). Because correcting the error would not alter the ALJ's decision, even if there were error, it would be harmless. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012). The court finds no error.

    B. <u>The ALJ properly considered Dr. Hernandez Duran's medical opinion.</u>

Plaintiff argues that the ALJ improperly rejected the medical opinion of Dr. Jose Hernandez Duran, a physician who began treating plaintiff in November of 2019, after the date last insured. ECF No. 13 at 15. With respect to medical opinions, new regulations apply to claims filed on or after March 27, 2017, which change the framework for evaluation of medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. The new regulations

provide that the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s)" but instead must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources and evaluate their persuasiveness. Revisions to Rules, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. § 404.1520c(a) and (b).

The factors for evaluating the persuasiveness of a physician opinion include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. § 404.1520c(c)(1)-(5). Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. § 404.1520c(b)(2).

Supportability and consistency are defined in the regulations as follows:

> Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2).

The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. § 404.1520c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. § 404.1520c(b)(3). The Ninth Circuit has confirmed that the new regulatory framework eliminates the "treating physician rule"

9

1   and displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or
2   "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. Woods v.
3   Kijakazi, 32 F.4th 785 (9th Cir. 2022). Still, in rejecting any medical opinion as unsupported or
4   inconsistent, an ALJ must provide an explanation supported by substantial evidence. Id. In sum,
5   the ALJ "must 'articulate . . . how persuasive' [he or she] finds 'all of the medical opinions' from
6   each doctor or other source . . . and 'explain how [he or she] considered the supportability and
7   consistency factors' in reaching these findings." Id. (citing 20 C.F.R. §§ 404.1520c(b),
8   404.1520(b)(2)).

9         In this case, Dr. Hernandez Duran (referred to by the ALJ as "Dr. Duran") filled out a
10  form in November of 2019 indicating that plaintiff had been permanently disabled since August
11  of 2019, prior to the date last insured, and was "[u]nable to lift, carry, or bend repetitively" due to
12  "chronic neck and low back pain due to degenerative disc disease, right hand neuropathic pain."
13  AR 880. In November 2020, Dr. Hernandez Duran filled out a second medical source statement
14  indicating that he had been treating plaintiff since November of 2019 and that plaintiff had
15  "bilateral carpal tunnel, bilateral hand arthritis, cervical radiculopathy, lumbar radiculopathy."
16  AR 714-717. The ALJ rejected Dr. Hernandez Duran's opinion by stating "this source did not
17  start treating the claimant until two months after the DLI, by his own admission. His attempt to
18  extrapolate the claimant's limitations back in time to before the DLI smack of assumption,
19  especially given the very little medical evidence available from earlier in 2019, as the most recent
20  examination record prior to Dr. Duran's initial record was from April 2019." AR 28. The ALJ
21  went on to reject the opinion because of lack of evidence going back to the period before
22  plaintiff's date last insured. AR 28.

23        The ALJ did not use the words "supportability" or "consistency," but the opinion
24  substantively addresses both factors and provides clear and convincing reasons for discounting
25  Dr. Hernandez Duran's opinion. As to supportability, the ALJ noted that there were no
26  supporting records at all from Dr. Hernandez Duran until two months after plaintiff's date last
27  insured, at which point Dr. Hernandez Duran first examined Plaintiff. AR 28. The only medical
28  records from Dr. Hernandez Duran in 2019 appear to be a November 2019 physical therapy

referral for Plaintiff's neck pain.  AR 875.  The ALJ considered the fact that Dr. Hernandez's statements that plaintiff was incapable of working prior to the date last insured were not supported by any treatment notes, thus addressing the supportability factor.  See Lombardo v. Schweiker, 749 F.2d 565, 566 (9th Cir. 1984) (ALJ "reasonably evaluated the remoteness of [the psychiatrist's] examination" that took place one and a half years after the expiration of the insured period when discounting the psychiatrist's opinion, because claimant "had to show that he was disabled within the meaning of the Social Security Act before his coverage expired").  Because the ALJ found that Dr. Hernandez Duran's opinion was not supported, the ALJ provided clear and convincing reasons for discounting the opinion.

As to consistency, the ALJ found that Dr. Hernandez Duran's opinion of extreme limitations was at odds with the totality of the medical evidence prior to the date last insured, which did not show that plaintiff was experiencing the manipulative limitations that she alleges.  AR 28.  See Woods, 32 F.4th at 792-93 ("The ALJ found this opinion unpersuasive because it was inconsistent with the overall treating notes and mental status exams in the record").  This statement goes to a lack of consistency.  Because the ALJ found Dr. Hernandez Duran's opinion not consistent and not supported, the court does not find error.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 14) is GRANTED; and

3. The Clerk of the Court shall enter judgment for defendant, and close this case.

DATED: September 18, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE